RECEIVED
IN ALEXANDRIA, LA
OCT - 8 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER E. MCNEIL,<br>Petitioner | CIVIL ACTION<br>NO. CV09-0166-A |
| VERSUS | |
| JOE KEFFER, WARDEN,<br>Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

McNeil's motion to alter or amend judgment pursuant to Fed.R.CIv.P. rule 59(e) or to reconsider judgment pursuant to Fed.R.Civ.P. rule 60(b) (Doc. 12) was referred to the undersigned Magistrate Judge for report and recommendation (Doc. 13).

McNeil filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 29, 2009, contesting the calculation of his federal sentence by the Bureau of Prisons ("BOP"). McNeil was sentenced to a total of 18 months imprisonment by the United States District Court for the District of Montana for bank fraud and wire fraud. McNeil was subsequently sentenced pursuant to a New Hampshire state parole revocation proceeding, following which he was convicted in a state court in North Dakota and sentenced to a total of 4 to 10 years imprisonment. McNeil contends he is entitled to credit on his federal sentence for time spent in state custody.

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir.2000). McNeil is incarcerated in the United States Penitentiary in Pollock, Louisiana, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 98(c). Moreover, McNeil has exhausted his administrative remedies with the BOP (Doc. 1, Exs.).

McNeil raised the following grounds for relief in his habeas petition (Doc. 1):

> 1. The BOP miscalculated the commencement date of petitioner's sentence and failed to give petitioner post-sentence credit for time spent in state custody after the BOP-designated transferee prison accepted petitioner.
>
> 2. The federal government relinquished, waived, and surrendered jurisdiction over petitioner by failing to grant petitioner extradition hearings, or interstate agreement on detainer proceedings, without writs of habeas corpus ad prosequendum being issued from the federal or state courts at all proper times.
>
> 3. The state of New Hampshire relinquished, waived, and surrendered jurisdiction over petitioner in failing to grant petitioner extradition hearings, or interstate agreement on detainer proceedings, without writs of habeas corpus ad prosequendum being issued form the federal or state courts at all proper times.

McNeil also filed a motion to have this court take judicial notice of the fact that McNeil arrived at the federal penitentiary in Allenwood on June 25, 2002, to begin serving his federal sentences (Doc. 5). The district court judge denied McNeil's petition (Doc. 11). This motion to reconsider followed.

In his motion for reconsideration, alteration or amendment of judgment, McNeil contends the court's findings are not correct and

that the court abused its discretion in failing to rule on his motion to take judicial notice of an adjudicative fact.

1.

McNeil is correct in his assertion that the court failed to rule on his motion to take judicial notice of an adjudicative fact (Doc. 5). In his motion, McNeil proposes to have the court take judicial notice of the date he was initially transferred to the BOP to begin serving his federal sentence, June 25, 2002. Federal Rules of Evidence rule 201(b) states, "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

In support of his motion, McNeil submitted documentary evidence from the BOP showing he began his federal sentence on June 25, 2002 (Doc. 5, Exs). The BOP had not disputed this fact and gave McNeil credit for time served in federal custody beginning on June 25, 2002. Therefore, McNeil's motion for judicial notice should be granted.

2.

However, to the extent that McNeil contends he should receive concurrent federal and state sentencing credit for time spent in state custody after he began serving his federal sentence on June 25, 2002, the reasons given in the original Report and

Recommendation, which was adopted by the district judge, are unaffected by the judicial notice of the fact that McNeil began serving his federal sentences on June 25, 2002. McNeil is not entitled to credit on his federal sentence for time spent in state custody (for a parole violation) from August 26, 2002, through the date he was returned to the BOP on July 2, 2003. The Attorney General is not required to give credit for time served on a sentence imposed by another jurisdiction for an unrelated offense. Opela v. U.S., 415 F.2d 231, 232 (5th Cir. 1969). See also, Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999); U.S. v. Jefferson, 2001 WL 1602954 (E.D.La. 2001). McNeil was credited by the BOP for the time served from June 25, 2002 though August 26, 2002, as well as credit for time served prior to his federal conviction, for a total of 894 days, so he has received credit on his federal sentence for all time spent in federal custody.

Moreover, to the extent McNeil claims the BOP lacked authority to transfer him into New Hampshire state custody once he began serving his federal sentence, in Waters v. U.S., 2009 WL 1424016 (5th Cir. 2009), the Fifth Circuit recently considered this precise issue and held that it does not state a claim for habeas relief. A prisoner does not have the right to complete a federal sentence before he is transferred to state custody, and is not entitled to credit on his federal sentence for time served in state custody, where sentences are imposed consecutively. Waters, 2009 WL

4

1424016, *1.

Therefore, McNeil's motion for reconsideration, alteration or amendment of judgment should be denied for failure to state a cognizable claim for habeas relief.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that McNeil's motion for judicial notice (Doc. 5) should be GRANTED, and that McNeil's motion for reconsideration, alteration, or amendment of judgment (Doc. 12) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this <u>8th</u> day of October 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE